IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

BRENDA LEE RAMOS AVILES,

Plaintiff,

v.                                                  CIVIL NO. 11-2114 (GAG)

UNITED STATES OF AMERICA,

Defendant.

**OPINION AND ORDER**

On November 16, 2011, Brenda Lee Ramos Aviles[1] ("Plaintiff") filed this action against the United States of America ("Defendant"), alleging Ivan Ramirez ("Ramirez") negligently operated a United States Postal Service vehicle and struck her. (See Docket No. 1.) Plaintiff sues Defendant for negligence through the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346(b). On June 29, 2012, Defendant filed a third-party complaint against Plaintiff's employer Perfect Cleaning Services, Inc. ("Perfect"), for contributory negligence, but not for damages.[2] Defendant filed a motion for summary judgment (Docket No. 42), claiming it was not responsible for Plaintiff's injuries. Plaintiff opposed the motion and counter-motioned for summary judgment. (Docket No. 54.) Defendant opposed Plaintiff's counter-motion. (Docket No. 62.) After reviewing these submissions and the

---

[1] The complaint, as filed, is titled "Brenda Liz Aviles v. United States of America." (See Docket No. 1.) Defendant states in its statement of uncontested facts that Plaintiff's correct name is Brenda Lee Ramos Aviles. (See Docket No. 42-2.) Plaintiff admits this fact, but claims it is immaterial. (See Docket No. 54-1.) The court titles this opinion and order with Plaintiff's correct name.

[2] As Defendant states in its third-party complaint, Perfect is an independent contractor of the Puerto Rico General Services Administration. (See Docket No. 30 ¶ 2.) Perfect is an insured employer by the Puerto Rico State Insurance Fund Corporation. (See id. ¶ 3.) Pursuant to the Puerto Rico Workers' Accident Compensation Act, an insured employer is immune from suit for damages. See P.R. LAWS ANN. tit. 11 §§ 1 *et seq.* Therefore, Defendant does not seek damages in its complaint; rather, Defendant seeks apportionment of liability. (See Docket No. 30.)

**Civil No. 11-2114 (GAG)**

pertinent law, the court **DENIES** both motions for summary judgment.

## I.     Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See FED. R. CIV. P. 56(a). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case.  The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).  The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B).  If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences.  Id. at 255.  Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence.  Id.  Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Mun. of Mayaguez, 440 F.3d 17, 21

**Civil No. 11-2114 (GAG)**

(1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

"Cross-motions for summary judgment do not alter the summary judgment standard, but instead simply require [the court] to determine whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." Wells Real Estate Inv. Trust II, Inc. v. Chardon/Hato Rey P'ship, S.E., 615 F.3d 45, 51 (1st Cir. 2010) (citing Adria Int'l Group, Inc. v. Ferré Dev. Inc., 241 F.3d 103, 107 (1st Cir. 2001)) (internal quotation marks omitted). Although each motion for summary judgment must be decided on its own merits, each motion need not be considered in a vacuum. Wells Real Estate Inv. Trust II, Inc., 615 F.3d at 51 (quoting P.R. American Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 133 (1st Cir. 2010)) (internal quotation marks omitted). "Where, as here, cross-motions for summary judgment are filed simultaneously, or nearly so, the district court ordinarily should consider the two motions at the same time, applying the same standards to each motion." Wells Real Estate Inv. Trust II, Inc., 615 F.3d at 51 (quoting P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 133 (1st Cir. 2010)) (internal quotation marks omitted).

**II.     Relevant Factual Background**

Plaintiff was twice employed by Perfect over a span of eight years. (See Docket Nos. 42-2 ¶ 3; 54-1 ¶ 3.) In the morning of September 23, 2010, Plaintiff was part of the Perfect crew working as an ornament and maintenance worker on Roosevelt Avenue. (See Docket Nos. 42-2 ¶ 4; 54-1 ¶ 4.) While working near the intersection of Roosevelt Avenue and Matadero Street, Plaintiff was struck by a United States Postal Service vehicle driven by Ramirez. (See Docket Nos. 42-2 ¶ 4; 54-1 ¶ 4.) No traffic cones or warning signs were placed along the roadway leading to Plaintiff's location in order to alert oncoming vehicles. (See Docket Nos. 42-2 ¶ 5; 54-1 ¶ 5.) The actual contact occurred between the equipment Plaintiff was using and the vehicle's passenger side mirror. (See Docket Nos. 42-2 ¶ 6; 54-1 ¶ 6.)

Plaintiff's location and actions are at the heart of this controversy. According to Plaintiff, she was standing on the gutter, inside the curb and outside of the roadway. (See Docket No. 54-3 at 23.) While she was working, Plaintiff kept an eye on the traffic. (See Docket No. 54-3 at 21.)

**Civil No. 11-2114 (GAG)**

Once the traffic light turned green, she saw the Postal Service vehicle accelerate and run into a pothole. (See Docket No. 54-3 at 20.) As the vehicle approached, she moved to the inside of the road as much as possible. (See Docket No. 54-3 at 21-23.)

Defendant tells a different tale. Defendant claims Plaintiff was working in the road and did not move outside of the roadway when she saw the vehicle approaching. (See Docket Nos. 54-3 at 21.) In fact, Defendant points to Ramirez's testimony that Plaintiff was working in the middle of the road and as he approached, she stepped further into the road to cause contact with the Postal Service vehicle. (See Docket No. 42-4 at 2.) In this scenario, Plaintiff was not only in the road, but moved further into oncoming traffic, not towards the shoulder as Plaintiff states.

In either version, after the accident the driver and Plaintiff spoke, and Plaintiff received treatment at the State Insurance Fund. (See Docket Nos. 42-2 ¶ 7; 54-1 ¶ 7.) The parties dispute a number of facts pertaining to Perfect, but those facts are not determinative of the outcome of the present motions.

**III.    Discussion**

Ultimate determination of liability in this case rests on how the jury interprets the testimony of Plaintiff and Ramirez. As each party has their own account of the operative facts, a jury must determine which facts to believe; therefore, summary judgment is denied.

Plaintiff brings this claim pursuant to the FTCA, which allows claims:

> for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). As the statute states, courts apply the law of the jurisdiction in which the act took place -in this case is Puerto Rico. Gonzalez-Rucci v. U.S. I.N.S., 539 F.3d 66, 69 (1st Cir. 2008). Puerto Rico's general negligence statute states, "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction

4

**Civil No. 11-2114 (GAG)**

of the indemnity." P.R. LAWS ANN. tit. 31, § 5141.  See Diaz Aviation Corp. v. Airport Aviation Servs., Inc., No. 12–1859, 2013 WL 2680606, at *7 (1st Cir. June 14, 2013).  This has been interpreted to require a plaintiff to demonstrate: "(1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the tortious conduct." Woods-Leber v. Hyatt Hotels of P.R., Inc., 124 F.3d 47, 50 (1st Cir. 1997) (citing Sociedad de Gananciales v. Gonzalez Padin, 17 P.R. Offic. Trans. 111, 125 (1986)).

Plaintiff further argues that Puerto Rico has codified a number of duties drivers owe to pedestrians.

> The speed of a vehicle or motor vehicle shall be regulated all times with due care, taking into account the width, traffic, use and condition of the public highway. No one shall drive at a speed greater than that which allows the driver to exercise proper control of the vehicle and shall reduce its speed or stop when needed to prevent an accident. Pursuant to the requirements stated above, every person shall drive at a safe and adequate speed when approaching and crossing an intersection or railroad crossing, when approaching the summit of a slope, when traveling on a narrow or winding road or when there is special danger to pedestrians or other traffic, or due to the weather or the condition of the public highway.

P.R. LAWS ANN. tit. 9, § 5121.  Of particular importance, the law provides protections for pedestrians, even when the pedestrian is improperly in the road. See P.R. LAWS ANN. tit. 9, § 5253.

> Any person who drives a vehicle on the public roads shall be bound to . . . [t]ake the proper precautions so as not to injure any pedestrian, with special precautions when the pedestrians are children, or elderly or disabled persons. These precautions shall be taken even when the pedestrian is improperly or illegally using the public road. The use of the horn, alone, shall not relieve the driver from liability if other safety measures are not taken.

Id.  Similarly, pedestrians owe a duty to vehicular traffic:

> Pedestrians shall only walk on the sidewalks, and if there are none, whenever it is possible and practical, shall walk on the curb or left hand side of the public road facing traffic and shall not leave the same unexpectedly and rapidly when a vehicle is so close that it is impossible for the driver to yield right of way.  In the case of funeral processions on foot, pedestrians shall walk on the right side of the public road using no more than half of the roadway.

P.R. LAWS ANN. tit. 9, § 5252(f).  The Puerto Rico Supreme Court previously held that the right of way enjoyed by a driver does not allow the driver to simply hit any pedestrian who improperly enters

5

**Civil No. 11-2114 (GAG)**

the road.  See Viuda de Vila v. Guerra Mondragon, 107 D.P.R. 418, 425, 7 P.R. Offic. Trans. 463 (1978).  According to the law, both parties owe a duty to each other.

The contested facts will determine whether Plaintiff ultimately succeeds.  Under Plaintiff's version of the facts, Defendant breached this duty, Plaintiff suffered damages, and those damages were proximately caused by Defendant's breach of that duty.  However, the jury could find the opposite, that Defendant did not breach its duty or that it did breach its duty, but also that Perfect or Plaintiff or both were negligent and the fault must be apportioned between the culpable parties.

Pursuant to the law above, Defendant's motion for summary judgment must be denied.  Viewing the facts in the light most favorable to Plaintiff, she was performing work on the inside shoulder of the roadway when Ramirez drove towards her, saw her, attempted to drive past her, and struck her with his vehicle.  Such a scenario allows for Plaintiff to recover from Defendant.  Similarly, Plaintiff's counter motion for summary judgment must also be denied.  Viewing the facts in the light most favorable to Defendant, Plaintiff was working in the middle of the road, as Ramirez approached, Plaintiff moved further into the road and struck Defendant's vehicle.  Under these facts, Defendant may be absolved from liability, or may at least convince a jury to apportion the fault between Plaintiff and Perfect, thereby lessening its own liability.  As the factual determinations will be determinative, the court must deny both motions for summary judgment.

**IV.    Conclusion**

For the aforementioned reasons, the court **DENIES** Defendant's motion for summary judgment (Docket No. 42) and **DENIES** Plaintiff's motion for summary judgment (Docket No. 54).

**SO ORDERED**

In San Juan, Puerto Rico this 25th day of June, 2013.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge